# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00105-CR

**Justin Murphy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-07-200104, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Justin Murphy has filed a notice of appeal from the trial court's order denying his petition for writ of habeas corpus, in which he sought to collaterally attack his 2007 conviction for the misdemeanor offense of driving while intoxicated.[1]  The State has filed a motion to dismiss, arguing that Murphy failed to timely file his notice of appeal.

In a criminal case, the notice of appeal must be filed "within 30 days . . . after the day the trial court enters an appealable order."[2]  Here, the trial court signed its order denying habeas relief on August 28, 2014.  Murphy filed his notice of appeal from that order on February 10, 2015, well

---

[1]  The petition was filed while Murphy was facing charges for a second driving-while-intoxicated offense.

[2]  Tex. R. App. P. 26.2(a)(1).

beyond the 30-day deadline.[3]  Accordingly, the notice of appeal is untimely and we have no option

but to dismiss the appeal for lack of jurisdiction.[4]  We grant the State's motion and dismiss the

appeal.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   June 18, 2015

Do Not Publish

---

[3]  On January 27, 2015, Murphy filed a motion for rehearing of the trial court's order denying habeas relief, which the trial court denied in a written order dated February 9, 2015.  We note that the appealable order in this case is the order denying habeas relief, not the order denying the motion for rehearing.  *See Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *see also Edwards v. State*, No. 14-03-01381-CR, 2004 Tex. App. LEXIS 3728, at *3-4 (Tex. App. —Houston [14th Dist.] Apr. 29, 2004, pet. ref'd) (mem. op., not designated for publication) ("The appellate timetables for appeals to this court are calculated from the date of sentencing or signing of the appealable order, not the overruling of a motion for new trial or rehearing.").

[4]  *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).